**Miguel BONANO, Plaintiff**

v.

**EAST CARIBBEAN AIRLINE CORP., et al., Defendants**

**No. CIV. 00–1964(JP).**

United States District Court, D. Puerto Rico.

March 11, 2003.

José Rafael Santiago Pereles, Ponce, PR, for Plaintiff.

Edgardo L. Rivera Rivera, San Juan, PR, for Defendants.

Mirta E. Rodríguez Mora, Látimer, Biagggi, Rachid & Godreau, San Juan, PR, for Royal Insurance Co.

## *OPINION AND ORDER*

PIERAS, Senior District Judge.

## I. INTRODUCTION AND BACK-GROUND

The Court has before it Co–Defendants the Ports Authority of Puerto Rico ("Ports Authority") and Hector Rivera's "Motion Requesting Dismissal For Lack of Jurisdiction" (docket No. 68); Co–Defendants Hermán Sulsona and Miguel Casillas' "Motion to Dismiss" (docket No. 67); Plaintiff's "Omnibus Motion in Opposition to Motions to Dismiss" (docket No. 78)[1]; and Co–Defendants' joint "Motion Reiterating Requests for Dismissal Previously Filed" (docket No. 92). The Court notes that Plaintiff's only "opposition" states simply that he had filed an amended complaint. However, Co–Defendants' have moved to reiterate their motions to dismiss and Plaintiff has not filed an opposition that opposes Co–Defendants' arguments on their merits. Therefore, the Court deems Co–Defendants' motions as unopposed.

Plaintiff filed the instant action on July 20, 2000[2], allegedly on behalf of a group of persons[3] who contracted with Co–Defendant East Caribbean Airline Corp.[4] ("East Caribbean"), for air transportation and other related travel services commencing on September 22, 1997 through January 11, 1998. Such travel services were to be rendered between Ponce, Puerto Rico and other U.S. cities. Co–Defendant East Caribbean allegedly canceled the contracted flights without giving notice to Plaintiff and the monies payed in advance by Plaintiff for such services were not returned after the cancellation of the flights or after Co–Defendant East Caribbean ceased its business operations.

Plaintiff brings his suit alleging a violation of the Federal Aviation Act, 49 U.S.C. § 1485(e) and its charter regulations[5]. Plaintiff claims that Co–Defendant East Caribbean violated 14 C.F.R. § 217.17(4)[6] because East Caribbean did not return the amount of money pre-paid by Plaintiff, after Plaintiff's flight was canceled. Plaintiff claims that 14 C.F.R. § 217.17(4)[7] was violated because Co–Defendant East Caribbean did not maintain a separate account

---

**1.** Plaintiff's motion essentially claims that its "Second Amended Complaint" (docket No. 79) alleviates any defects that Co–Defendants' motions were based upon.

**2.** Plaintiff filed an "Amended Complaint" on October 20, 2000 (docket No. 2) and a "Second Amended Complaint" on April 1, 2002 (docket No. 79). It is Plaintiff's "Second Amended Complaint" that the Court will utilize for the purpose resolving Co–Defendants' motions to dismiss.

**3.** Plaintiff has moved for class action certification (docket No. 103). The Court does not render its determination on this motion at this time. However, for purposes of this opinion, the Court shall consider Plaintiff as a representative of a group but shall refer to Plaintiff in the singular.

**4.** The Clerk of the Court entered default against Co–Defendant East Caribbean for failing to tender a responsive pleading within 20 days of service, pursuant to Fed.R.Civ.P. 12(a)(1)(A) (docket No. 48).

**5.** Plaintiff's references to the Code of Federal Regulations concerning charter flights greatly mirror those utilized in *Liberty State Bank v. Bankamerica Nat'l Trust Co.* 1996 WL 343048 (S.D.N.Y.1996). However, as the Seventh Circuit Court of Appeals pointed out, "[the regulations] have subsequently been revoked and replaced with new ones. It is fair to say that the regulations will undergo additional modifications in the near future." *Civil Aeronautics Bd. v. Tour Travel Enter., Inc.* 605 F.2d 998, 1001 (7th Cir.1979) (citations omitted). For this reason, the Court will state the regulations cited by Plaintiff and shall then replace them with the current regulations where appropriate.

**6.** *See* 14 C.F.R. § 380.32(k).

**7.** *See* 14 C.F.R. § 380.32(f).

for each charter flight. Lastly, Plaintiff claims that Co–Defendant violated 49 C.F.R. § 1084.6.d[8] by failing to have a bond approved and accepted by the Interstate Commerce Commission. Plaintiff claims that Co–Defendant East Caribbean violated 14 C.F.R. § 380.12 because it did not notify Plaintiff in writing within seven days after the cancellation.

Co–Defendants the Ports Authority and Héctor Rivera claim that this Court does not have jurisdiction to hear Plaintiff's claims and that Plaintiff's complaint should be dismissed against them. Co–Defendants Hermán Sulsona and Miguel Casillas argue that Plaintiff has failed to demonstrate a causal relationship between Defendants' alleged acts and omissions and the alleged damages sustained by Plaintiff and, in the alternative, that Plaintiff's claims are time barred. As stated earlier, Plaintiff's only opposition is that his "Second Amended Complaint" cures any defects upon which Co–Defendants' motions are based. The Court will address these issues below.

## II. DISMISSAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in

the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996) (citations omitted); *see also Berríos v. Bristol Myers Squibb Caribbean Corp.*, 51 F.Supp.2d 61 (D.Puerto Rico 1999) (Pieras, J.). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)). The Court, however, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States*, 144 F.3d 1, 2 (1st Cir.1998) (citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir.1996)). It is with this framework in mind that this Court will assess the motions before it.

## III. FACTUAL ALLEGATIONS

Plaintiff's allegations as found in his Second Amended Complaint, and which are taken as true for purposes of this motion, are as follows:

A. Prior to September 22, 1997, Plaintiff entered into a contract with East Caribbean and was the sole beneficiary of contracts entered between East Caribbean and other airlines (who's identity remains unknown), for air transportation and other travel services between Ponce, Puerto Rico and other cities in the United States in return for good and valuable consideration.

B. This travel was to occur on various dates between September 22, 1997 and January 11, 1998.

C. One of the terms and conditions of the agreement between the parties was to place any money received by

---

8. *See* 14 C.F.R. § 380.34.

East Caribbean from Plaintiff, in an escrow account at Banco Popular and Citibank[9].

D. On or about December 20, 1997, Co–Defendant East Caribbean ceased business operations. Thereafter, it failed and refused to deliver the contracted travel services to Plaintiff.

E. Additionally, Co–Defendant East Caribbean failed to place into escrow accounts all monies paid by Plaintiff, failed to maintain separate accounts for each charter flight and failed to return Plaintiff's money upon cancellation of Plaintiff's flights.

F. The cancellations forced Plaintiff to incur additional expenses (e.g. alternate air transportation, meals, phone calls, accommodations etc.) to complete his intended travel. The actions of Co–Defendant caused Plaintiff discomfort, annoyance, humiliation and pecuniary loss.

G. Co–Defendant Bernie Rosado[10] was the President of East Caribbean and the intellectual author of the fraud scheme. Through his position, he misappropriated the money paid by the class for their intended airline travel.

H. Co–Defendant Miguel Casillas gave authorization to East Caribbean to deliver and sell their airline services at the Mercedita Airport, without a services contract and the required federal, state and municipal permits. He also encouraged the use of East Caribbean as an airline services provider.

I. Co–Defendant Hernán Sulsona was Co–Defendant Casillas' manager and was responsible for the entire Ports Authority operation, including supervision, training, monitoring, controlling, federal and state law compliance and permits evaluation and authorization.

J. Co–Defendant Sulsona did not appropriately supervise his personnel actions and permitted East Caribbean to operate at Mercedita Airport while knowing that they did not comply with federal and state laws.

K. Co–Defendant Ports Authority, represented by Co–Defendant Héctor Rivera did not appropriately supervise the Mercedita Airport operation, by permitting Co–Defendant East Caribbean to use its facilities without complying with required federal, state, and municipal laws and regulations, which caused and/or contributed to the damages in this case.

## IV. DISCUSSION

### A. *Jurisdiction*

Co–Defendants the Ports Authority and Héctor Rivera argue that this Court does not have jurisdiction to hear Plaintiff's claims. They argue that the basis of jurisdiction claimed by Plaintiff, namely 14 C.F.R. §§ 207 and 380, are not an "act of Congress" and that even if they were, they do not create a private cause of action upon which jurisdiction can be based under 28 U.S.C. § 1337.

---

9. Plaintiff's original complaint named Banco Popular and Citibank as Defendants. However, Plaintiff subsequently voluntarily dismissed his claims against them (docket No. 10).

10. The Court dismissed Plaintiff's claims against Bernie Rosado on February 1, 2001 (docket No. 22). The Court granted Plaintiff the opportunity to vacate that judgment (docket No. 65). However, Plaintiff failed to comply with this Court's Order and, in turn, the Court denied Plaintiff's request to vacate (docket No. 76).

■ Section 1337(a) states in pertinent portion:

The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

28 U.S.C. § 1337(a) (West 2002). Co–Defendants generally state that 14 C.F.R. §§ 201 and 380, are not "Act(s) of Congress" because they are not statutory laws. Co–Defendants do not substantiate their argument with even a single reference. However, the Supreme Court of the United States has made it abundantly clear that the Code of Federal Regulations can indeed invoke federal jurisdiction. *See generally Gade v. National Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). Furthermore, the First Circuit has held that for an action to "arise under" a federal statute, it is sufficient if that statute creates the cause of action. *See Mar. Serv. Corp. v. Sweet Brokerage De Puerto Rico*, 537 F.2d 560 (1st Cir.1976).

■ This brings the Court to Co–Defendants' next argument. They argue that Plaintiff's C.F.R. claims do not create a private cause of action. They argue this in two manners. Co–Defendants generally claim that 14 C.F.R. §§ 207 and 380 do not create a private cause of action which may favor Plaintiff and specifically argue that the regulations do not impose any obligations upon airport owners or their officers and employees. The Court deals with the general contention first. The Court finds that Section 380.4 strikes to the heart of Co–Defendants' contention:

In the case of any violation of the provision of the Statute or of this part, or any other rule, regulations, or order issued under the Statute, the violator may be subject to a proceeding pursuant to the Statute before the Department or a U.S. District Court, as the case may be, to compel compliance therewith; to civil penalties pursuant to the provisions of the Statute, or to criminal penalties pursuant to the provisions of the Statute, or other lawful sanctions.

14 C.F.R. § 380.12 (2002). Therefore, it becomes evident that Co–Defendants' contention that Plaintiff's claim are not actionable under the regulations is simply unfounded. The Court refrains from examining, at this time, whether the regulations apply to Co–Defendants, as that is not a question of jurisdiction, but one of merit. However, the Court finds that it does indeed have jurisdiction to hear the case at bar.

**B.   *Timeliness of Plaintiff's Claims***

Co–Defendants Hermán Sulsona and Miguel Casillas argue that Plaintiff's claims should be dismissed against them for two reasons. Their first reason is similar to that of Co–Defendants the Ports Authority and Rivera, insomuch as they claim that Plaintiff's claims do not demonstrate a direct correlation between Co–Defendants' alleged actions or inactions and the harm allegedly suffered by Plaintiff. Instead they argue that Plaintiff's claims based upon the Code of Federal Regulations and Puerto Rico jurisprudence should only be against Co–Defendants East Caribbean, Bennie Rosado and their insurers. Co–Defendants' second argument is that Plaintiff's claims are time barred. The Court finds that Co–Defendants' second argument would have much wider sweeping consequences if it were found to be true. For this reason, the Court begins its analysis with the timeliness of Plaintiff's claims.

■ The Court finds that the regulations under which Plaintiff's claims are brought does not establish a statute of limitations to bring a claim. The Court's

learned brethren in the Southern District of New York have determined that "the Federal Aviation Act does not provide a specific statute of limitations for actions claiming violations of section 404(b)." *Mahaney v. Air France*, 474 F.Supp. 532, 535 n. 9 (S.D.N.Y.1979). The Court acknowledges that Plaintiff's claims do not fall under Section 404(b). As evidenced earlier, Section 380.4 does grant this Court jurisdiction to hear Plaintiff's claims, however, it does not establish a time limitation for when those claims must be brought. *See infra.* "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law it if is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942–43, 85 L.Ed.2d 254 (1985); *see also DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). For this reason, the Court now turns to the Puerto Rico Civil Code for enlightenment.

■ The Court first begins by examining the type of damages being claimed by Plaintiff. The Court finds that 31 P.R. Laws Ann. § 5141 most closely resembles the type of claim that Plaintiff brings in the current suit. Section 5141 states in pertinent portion "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." 31 P.R. Laws Ann. § 5141 (Lexis 1998). As this section most closely parallels Plaintiff's claims, the Court now turns to the applicable statute of limitations which states:

The following prescribe in one (1) year:
(1) Actions to recover or retain possession.
(2) Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negli-

gence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof.

31 P.R. Laws Ann. § 5298. As the Court has determined that Plaintiff's claims are similar to claims brought under Section 5141, the Court determines that a one (1) year statute of limitations applies to Plaintiff's claims, as against all Defendants.

■ The Court must now determine from what date the statute of limitations began to run. Plaintiff alleges that flights were scheduled and paid for up to and including January 11, 1998. Turning to the Code of Federal Regulations, it is stated "that if the charter is canceled, a refund will be made to the participant within 14 days after the cancellation." 14 C.F.R. § 380.32(k). Therefore, Plaintiff would have had knowledge of the alleged harm on January 26, 1998, at the very latest. Utilizing the appropriate statute of limitations, Plaintiff's claim should have been filed no later than January 27, 1999. As stated earlier, the current action was not filed until July 20, 2000, more than one year after the statute of limitations had run out. For this reason, the Court **GRANTS IN PART** Co–Defendants Hermán Sulsona and Miguel Casillas' motion to dismiss and hereby **DISMISSES WITH PREJUDICE** Plaintiff's claims against all Defendants in the above captioned complaint.

## V. CONCLUSION

As the Court has determined that Plaintiff failed to bring the current suit before the statute of limitations pertaining to his claims had elapsed, the Court hereby **DISMISSES WITH PREJUDICE** Plaintiff's claims against all Defendants.

**IT IS SO ORDERED.**